**WO**                    NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Musial,<br><br>              Plaintiff,<br><br>v.<br><br>Telesteps Incorporated, *et al.*,<br><br>              Defendants. | No. CV-14-01999-PHX-JJT<br><br>**ORDER**<br>**(REDACTED)** |

At issue is Plaintiff Jon Musial's Motion for Leave to Amend the Complaint (Doc. 172, Mot. filed under seal), to which Defendants Regal Aluminum Products, Inc. ("Regal"), Dial Industrial Sales, Inc., and Telesteps, Inc. filed a Response (Doc. 176, Resp.) and Plaintiff filed a Reply (Doc. 183, Reply filed under seal). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court finds that Plaintiff's proposed amendment is untimely and therefore denies Plaintiff's Motion.

The Court granted Plaintiff's Motion to Seal his Motion and Reply because they contained certain confidential information. (Docs. 171, 182); *see Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016). Because the Court had to explicitly address these facts in this Order the Court enters the Order under seal. The Court is entering this Order on the public docket with the sealed portions redacted.

**I.    BACKGROUND**

Plaintiff sued Defendants after he sustained severe injuries when a ladder manufactured by Regal collapsed beneath him. (Doc. 1.) The original deadline for

1  Plaintiff to amend his Complaint in the Court's Scheduling Order was December 30,
2  2014. (Doc. 32, Sch. Order.) Plaintiff filed a Motion to Amend Complaint to add a claim
3  of punitive damages against Defendants Costco Wholesale Membership, Inc. and Costco
4  Wholesale Corporation, Inc. (collectively "Costco") on December 19, 2014. (Doc. 39.)
5  After the parties requested an extension of time for further briefing, the Court extended
6  the time for Plaintiff to file an Amended Complaint to February 20, 2015. (Doc. 50.) On
7  that day, Plaintiff filed an Amended Motion to Amend Complaint, (Doc. 61), which the
8  Court denied as futile because Plaintiff failed to state a basis for punitive damages against
9  Costco. (Doc. 78.) The Court permitted Plaintiff to file another Motion to Amend and set
10 a deadline of April 29, 2015. (Doc. 78.) Plaintiff then filed his Second Amended Motion
11 to Amend Complaint on April 28, 2015, (Doc. 90), which the Court denied for the same
12 reasons. (Doc. 101, June 2015 Order.) In its Order, the Court granted Plaintiff yet one
13 more chance to amend his Complaint against Costco and instructed Plaintiff that if he
14 wished to amend his Complaint beyond that scope, he must comply with Federal Rules of
15 Civil Procedure 15 and 16. (June 2015 Order at 4.) Plaintiff settled his claims against
16 Costco and now seeks to amend his Complaint again—this time against Regal—to add
17 claims of punitive damages and consumer fraud. (Mot. at 1–2.)

**II.   ANALYSIS**

**A.   Leave to Amend**

Plaintiff requests leave of Court to amend his Complaint 14 months past the Court's imposed deadline. (Mot. at 1, 10.) Rule 16(b)(4) provides that the deadlines in the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Ninth Circuit Court of Appeals has stated, "A scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). As to why the Court must enforce the Rule 16 deadlines, the Ninth Circuit has explained:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). Underlying all of these concerns is Federal Rule of Civil Procedure 1, which states, "These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

At the request of the parties, the Court has adjusted the original Scheduling Order numerous times to this point, and Plaintiff has attempted to amend his Complaint on three occasions. As the Court instructed Plaintiff in its Order denying his Second Motion to Amend Complaint, he must comply with Rule 16 in any future attempt to amend his Complaint. (June 2015 Order at 4.) And as the Court cautioned the parties in its original Scheduling Order, deadlines are strictly enforced. (Sch. Order at 1.) Plaintiff's deadline for filing an amended Complaint was April 29, 2015. (Doc. 78.) Absent extraordinary circumstances, and a showing of good cause, the Court will not consider another amendment. *See* Rule 16(b)(4).

### B.  Good Cause

Plaintiff alleges he has been diligent in discovery and has good cause to amend his Complaint after the Scheduling Order deadline. (Mot. at 11.) "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Good cause means scheduling deadlines cannot be met despite [a] party's diligence." *Id.* (internal quotation omitted).

Plaintiff claims his Motion is based on new information obtained in discovery that was not previously available. (Mot. at 2.) His alleged new information is from six depositions taken during arbitration between Costco and Regal that he only received as a

- 3 -

1  result of his recent settlement with Costco. (Mot. at 2.) █████████

2  ████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████████████████

8  ██████████████████████████████████████████████

9        Plaintiff states he received the following new information as a result of his recent

10 settlement with Costco: ████████████████████████████████████

11 ████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████

14 ████████████████████████████████████████████████████████████

15 ████████████████████████████████████████████████████████████

16 ████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████

18 █████████

19       Upon review of the evidence, the Court does not see how any of the depositions

20 Plaintiff cites offer new information or support claims for punitive damages or consumer

21 fraud any more than Plaintiff's previously discovered evidence. ████████████

22 ████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████████████████

25 ████████ Waiting for a deposition to confirm what a picture already clearly shows is

26 not good cause for failing to comply with the Court's Scheduling Order.

27 ───────────────

28 [1] Exhibit M: photos showing the differences between the two ladders tested and an internal Costco email stating this "speaks for itself." (Mot., Ex. M.)

- 4 -

1  Plaintiff's other alleged new evidence is equally unpersuasive.

7  Moreover, Plaintiff's new claims against Regal parallel his previous claims 8 against Costco.

13 Plaintiff argues that the delay in amending his Complaint was justified because he 14 needed confirmation in order to have a factually sound basis for his claims, as Federal 15 Rule of Civil Procedure 11 requires. (Reply at 5.) Plaintiff overstates Rule 11's 16 requirements. Rule 11 requires an attorney to seek credible information rather than 17 proceed on mere suspicions. *See Cal. Architectural Bldg. Prods., Inc. v. Franciscan* 18 *Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987). Credible information may consist of 19 either direct evidence or reasonable inferences from other evidence. *Id.*

20 Here, Plaintiff had all of the information and direct evidence he needed long ago. 21 Plaintiff could have alleged consumer fraud and sought punitive damages against Regal 22 based on the evidence he possessed as of February 12, 2015.[4]

---

28 [4] (*See* Mot., Ex. v (received via Plaintiff's Second Supplemental Disclosure Statement (Doc. 51)); Mot., Exs. c, e, f, g, j, k, m, o, p, q, r, s, t, w (received from

1
2
3
4
5
6 ███████████████. Further, Plaintiff's previous proposed Complaint against Costco for
7 punitive damages and consumer fraud undermines his current assertion that he needed to
8 wait for confirmation to proceed against Regal. Further corroboration of his theory was
9 not necessary under Rule 11, and waiting for confirmation is not a basis for failure to file
10 a timely amended Complaint.

**III.   CONCLUSION**

Plaintiff has failed to show good cause for failing to amend the Complaint within the time period specified in the Scheduling Order. (Sch. Order at 1.) Accordingly, the Court, in its discretion, denies Plaintiff's request to amend the Complaint to add a claim for punitive damages and consumer fraud 14 months after the deadline set forth in the Scheduling Order.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Leave to Amend the Complaint (Doc. 172).

Dated this 25th day of July, 2016.

_[signature]_
Honorable John J. Tuchi
United States District Judge

Cc:   Charles Paul Franklin, Counsel for Plaintiff Mr. Musial
Colby Ryan Kanouse, Counsel for Plaintiff Mr. Musial
John Michael DeStefano, III, Counsel for Plaintiff Mr. Musial
Leonard W Aragon, Counsel for Plaintiff Mr. Musial
Robert B Carey, Counsel for Plaintiff Mr. Musial
Adam B Campbell, Counsel for Defendant Telesteps, Inc., Dial Industrial Sales, Inc., and Regal Aluminum Products, Inc.

---

Plaintiff's Third Supplemental Disclosure Statement according to Defendants and which Plaintiff does not contest).)

Teague Richard Lashnits Counsel for Defendant Telesteps, Inc., Dial Industrial Sales, Inc., and Regal Aluminum Products, Inc.
Cassandra Victoria Meyer, Counsel for Defendant Costco Wholesale Membership Inc. and Costco Wholesale Corporation Inc.
Richard Wayne Mear, Counsel for Defendant Costco Wholesale Membership Inc. and Costco Wholesale Corporation Inc.